## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**EVELYN RODRIGUEZ**,

     Plaintiff,

                                     **CASE NO.**

v.

                                     **JURY DEMAND**

**PUTNAM COMMUNITY MEDICAL CENTER OF
NORTH FLORIDA, LLC**,
a Florida Limited Liability Company
**PARALLON ENTERPRISES, LLC d/b/a HCA HEALTHCARE.**

     Defendant(s)

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, EVELYN RODRIGUEZ, ("Plaintiff"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants PUTNAM COMMUNITY MEDICAL CENTER of NORTH FLORIDA, LLC. A Florida Limited Liability Company ("Putnam") and PARALLON ENTERPRISES, LLC d/b/a HCA HEALTHCARE ("Parallon"), and states as follows:

### INTRODUCTION

     1.     This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA"), and the Family Medical Leave Act, as amended, 29 U.S.C. 2601, et. seq. (the "FMLA") to recover front pay (in lieu of reinstatement if unavailable), back pay, lost benefits, liquidated damages, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 with federal questions involving Title VII, the PDA, and the FMLA.  An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3).

3.      The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as the claims arise out of the same set of operative facts as her federal statutory claims.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Putnam County, Palatka, Florida, which is located within the Jacksonville Division of the Middle District of Florida.

## SATISFACTION OF CONDITIONS PRECEDENT

5.      On or about February 5, 2019, Plaintiff dual filed her Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging that Defendant, PUTNAM COMMUNITY MEDICAL CENTER, LLC discriminated and retaliated against her while pregnant, and terminated her days away from starting an approved maternity leave, in violation of the Title VII, FMLA, PDA and the FCRA.

6.      Jurisdiction over the claim is appropriate pursuant to Fla. Stat. Chap.760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts and circumstances as the federal claims.

7.      All conditions precedent to this action have been satisfied and/or waived.

## PARTIES

8.     At all times material to this action, Plaintiff EVELYN RODRIGUEZ ("Plaintiff" or "RODRIGUEZ") was a resident of Putnam County, Palatka, Florida.

9.     Plaintiff is a female "person" who suffered discrimination based on her gender/pregnant condition.  As such she is a member of a class of individuals protected by Title VII, the PDA and the FCRA.

10.     Plaintiff was qualified for her position of employment.

11.     Plaintiff suffered an adverse effect upon her employment by being terminated by Defendants because of Plaintiff's gender, pregnancy, or anticipated childbirth.

12.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA and the FCRA.

13.     At all times material, Defendant PUTNAM was and continues to be a Florida Limited Liability Company with its headquarters and principal place of business in Palatka, Florida.

14.     At all times material, PUTNAM was and is an acute care facility that serves North Central Florida by providing individualized care directed to the specific needs of each patient. The hospital offers a 10-bed Intensive/Critical Care Unit, Step-Down Care Unit, Cardiac Cath Lab, medical and surgical units, family birthplace center, and a 24-hour emergency department. Defendant also provides inpatient and outpatient rehabilitation services. PUTNAM can be served with process through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

15.     At all times material, PARALLON ENTERPRISES, LLC is and was a Limited Liability Company d/b/a HCA HEALTHCARE, operating in Palatka County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

16.     Further, at all times material, PARALLON ENTERPRISES, LLC was, and

3

continues to be, engaged in business in Florida, doing business in Palatka County, Florida, and operates under the corporate umbrella of HCA HEALTHCARE.

17.     PARALLON can be served with process through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324

18.     At all times material, Defendants were "employers" covered by and within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") by the Pregnancy Discrimination Act, ("PDA") 42 U.S.C. §§ 2000e, Section 701 (b).

19.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee".  29 U.S.C. 2611(4)(ii)(I).

20.     Defendants were employers as defined under the FMLA.

21.     Defendants employed Plaintiff.

22.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

23.     Defendants were employers under the FMLA because they are engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

24.     At all times material, Plaintiff worked at a location where Defendants employed 50 or more employees within 75 miles.

25.     At all times material, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise

her rights to FMLA leave.

26.     By virtue of her pregnancy, Plaintiff is protected by Title VII, PDA, FCRA and FMLA.

27.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, by virtue of her sex, gender, pregnancy.

28.     At all times material, Putnam determined key terms and conditions of the Plaintiff's work and administered training, job duties, and job assignments.

29.     Defendants were Plaintiff's employers within the meaning of the FCRA.

30.     Plaintiff was an individual and an employee of Defendants within the meaning of the FCRA.

31.     At all times material, Defendants agreed to allocate responsibility for, or otherwise determined key terms and conditions of the Plaintiff's work and administered training, job duties, and job assignments.

32.     Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) working conditions.

## GENERAL ALLEGATIONS

33.     Plaintiff was hired by Defendants on November 7, 2015, as a Patient Access Registrar.

34.     Plaintiff's responsibilities as a registrar were to timely and accurately register patients, interview patients for all pertinent account information and verify insurance coverage.

35.     Plaintiff was qualified for her position.

36.     In or around January 2016, Defendants discriminated against Plaintiff for the first time after she suffered a miscarriage and had to miss a few days of work.  Defendants held Plaintiff accountable and gave her a bad review for missing days while she was hospitalized and while grieving her unborn child.

37.     In or around March 2018, Plaintiff became pregnant again and informed Defendants and her immediate supervisor of her pregnancy and her plan for applying for maternity leave in the near future.

38.     On or about August 14, 2018, five months into her pregnancy, Plaintiff applied and was approved for maternity leave starting approximately November 23, 2018 through January 6, 2019.

39.     Toward the end of September 2018, Defendants called Plaintiff into a meeting and advised her of a complaint that had allegedly been made against her.

40.     Plaintiff was placed under administrative leave while Defendants allegedly conducted an investigation into the incident.

41.     Plaintiff's badge and keys were taken away from her and she was escorted by her manager, Tamara Underwood, through the side of the building.

42.     At the conclusion of the alleged investigation, Plaintiff received a call from Ms. Underwood, who terminated her employment.

43.     Defendants failed to follow their internal process and procedure with respect to progressive discipline.

44.     Further, on information and belief, other non-pregnant or non-FMLA seeking employees have not been terminated for same or similar perceived infractions.

45.     Plaintiff was terminated on the false pretenses of instigating conflict on the job.

46.     Plaintiff was terminated after applying for and being granted FMLA leave.

47.     Defendants reason for terminating Plaintiff were pretextual, and manufactured post hoc after Plaintiff engaged in protected activity.

48.     Defendants' discriminatory termination of Plaintiff's employment on September 25, 2018, was in violation of the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*.

49.     Defendants' discriminatory termination of Plaintiff's employment on September 25, 2018, was in violation of the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

50.     Defendants, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of her employment as envisioned by Title VII and the PDA.

51.     With respect to the conduct described herein, Defendants acted willfully, maliciously, and with reckless indifference to Plaintiff's protected rights.

52.     As a result of Defendants' conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear, and dignitary harm.

53.     As a result of Defendants' conduct, Plaintiff has lost income, continued employment, enjoyment of life, and other privileges and benefits of employment.

## COUNT I

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AMENDED BY THE PREGNANCY DISCRIMINATION ACT

54.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-53 as if fully set forth herein.

55.     Pursuant to Title VII as amended by the PDA, 42 U.S.C. §2000e Section 703 (a) "It shall be an unlawful employment practice for an employer  - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

56. Title VII, as amended by the PDA, at 42 U.S.C. § 2000e (k) provides that discrimination based on sex includes discrimination based on pregnancy.

57. As a pregnant female, Plaintiff was a member of a protected class at the time of her termination.

58. Plaintiff was qualified for her position.

59. Plaintiff was an employee of Defendants.

60. Defendants were Plaintiff's employers.

61. Plaintiff requested maternity leave and applied for and was granted such leave pursuant to the FMLA.

62. Plaintiff was terminated on account of her pregnancy and/or her request for maternity leave in connection with her pregnancy.

63. Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the same manner it does for non-pregnant female employees.

64. The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages and Defendants' termination of Plaintiff was unlawful sex discrimination on the basis of Plaintiff's pregnancy in violation of Title VII, as amended by the PDA, 42 U.S.C. §2000e, *et seq*.

66.     Defendants' conduct constitutes unlawful disregard and indifference to Plaintiff's rights.

67.     Defendants' violations of the Title VII were willful as its managers engaged in the above-described actions while knowing that same were impermissible under the Title VII.

68.     As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a.     judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.     judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.     judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.     judgment in her favor and against Defendants for punitive damages;

f.     declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II

## <u>GENDER DISCRIMINATION UNDER TITLE VII AND THE PREGNANCY DISCRIMINATION ACT</u>

69.     Plaintiff realleges and adopts paragraph 1-53, as though set forth fully herein.

70.     Plaintiff was qualified for her position.

71.     Plaintiff was an employee of Defendants.

72.     Defendants was Plaintiff's employers.

73.     Plaintiff's gender/pregnant condition were motivating factors in Defendants' decision to terminate Plaintiff's employment.

74.     Plaintiff requested maternity leave and applied for and was granted such leave pursuant to the FMLA.

75.     Plaintiff was terminated on account of her pregnancy and/or her request for maternity leave in connection with her pregnancy.

76.     Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the same manner it does for non-pregnant female employees.

77.     The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

78.     Defendants ha, with malice or reckless indifference, violated the dictates of Title VII and the PDA as incorporated into Title VII by intentionally discriminating against Plaintiff because of her gender and pregnant condition.

79.     Defendants' violations of the Title VII were willful as its managers engaged in the above-described actions while knowing that same were impermissible under the Title VII.

80.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a.      judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.      judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in her favor and against Defendants for noneconomic damages,

including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendants for punitive damages;

f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III

## RETALIATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT

81.     Plaintiff realleges and adopts paragraph 1-53, as though set forth fully herein.

82.     Plaintiff is a member of a protected class under Title VII because she engaged in protective activities.

83.     Plaintiff was qualified for her position.

84.     Plaintiff was an employee of Defendants.

85.     Defendants were Plaintiff's employers.

86.     By the conduct described above, Defendants treated Plaintiff differently than her non-pregnant counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

87.     Defendants retaliated against Plaintiff for the exercise of the rights afforded to her under Title VII as amended by the PDA.

88.     Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the same manner it does for non-pregnant female employees.

89.     The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

11

90.     Defendants' violations of the Title VII were willful as its managers engaged in the above-described actions while knowing that same were impermissible under the Title VII.

91.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a.     judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.     judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.     judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.     judgment in her favor and against Defendants for punitive damages;

f.     declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV

## DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

92.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-53 as if fully set forth herein.

93.     Pursuant to the FCRA it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,

because of such individual's sex and/or pregnancy.

94.     As a pregnant female, Plaintiff was a member of a protected class at the time of her termination.

95.     Plaintiff was qualified for her position.

96.     Plaintiff was an employee of Defendants.

97.     Defendants were Plaintiff's employers.

98.     Plaintiff requested maternity leave and applied for and was granted such leave pursuant to the FMLA.

99.     Plaintiff was terminated on account of her pregnancy and/or her request for maternity leave in connection with her pregnancy.

100.    Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the same manner it does for non-pregnant female employees.

101.    The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

102.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages and Defendants' termination of Plaintiff was unlawful sex and pregnancy discrimination on the basis of Plaintiff's pregnancy in violation of the FCRA.

103.    Defendants' conduct constitutes unlawful disregard and indifference to Plaintiff's rights.

104.    Defendants' violations of the FCRA were willful as its managers engaged in the above-described actions while knowing that same were impermissible under the FCRA.

105.    As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

a.    judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.    judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.    judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V

## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

106.    Plaintiff realleges and adopts paragraph 1-53, as though set forth fully herein.

107.    Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

108.    Plaintiff was qualified for her position.

109.    Plaintiff was an employee of Defendants.

110.    Defendants were Plaintiff's employers.

111.    By the conduct described above, Defendants treated Plaintiff differently than her non-pregnant counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

112.    Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the

same manner it does for non-pregnant female employees.

113.    The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

114.    Defendants retaliated against Plaintiff for the exercise of the rights afforded to her under the FCRA.

115.    Defendants' violations of the FCRA were willful as its managers engaged in the above-described actions while knowing that same were impermissible under the FCRA.

116.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

a.    judgment in her favor and against Defendants for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.    judgment in her favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.    judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI

## INTERFERENCE WITH FMLA RIGHTS

15

117.    Plaintiff realleges paragraphs 1-53 of the Complaint, as if fully set forth herein.

118.    Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

119.    Defendants interfered with Plaintiff's right to be reinstated to her or an equivalent position.

120.    Defendants' interference with Plaintiff's right to take leave violated the FMLA.

121.    Defendants' interference with Plaintiff's right to reinstatement violated the FMLA.

122.    Plaintiff was entitled to FMLA protected leave.

123.    Defendants were subject to the requirements of the FMLA.

124.    Plaintiff disclosed and provided adequate notice to her employer of her need for eventual leave for the birth of her child and they interfered with her right to take FMLA leave by terminating her employment.

125.    Defendants were aware of Plaintiff's pregnancy and her need for FMLA protected leave.

126.    Plaintiff was a few weeks away from starting an approved maternity leave under the FMLA.

127.    By terminating Plaintiff, Defendants interfered with Plaintiff's right to take FMLA protected leave and to future FMLA benefits.

128.    By terminating Plaintiff, Defendants failed to provide Plaintiff with a meaningful reinstatement.

129.    Plaintiff was denied benefits to which she was entitled under the FMLA.

130.    The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

131.    As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

132.    Plaintiff is entitled to liquidated damages because Defendants cannot show that its violation of the FMLA was in good faith.

133.    Defendants' violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

134.    As a direct and proximate result of the interference described above, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

    a.  judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.  judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c.  judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

    d.  judgment in her favor and against Defendants for liquidated damages;

    e.  declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

    f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VII

## **RETALIATION IN VIOLATION OF THE FMLA**

135.    Plaintiff realleges paragraphs 1-53 of the Complaint, as if fully set forth herein.

136.    Defendants retaliated against Plaintiff, at least in part because Plaintiff exercised

her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

137.   With actual knowledge of Plaintiff's return from leave or need for future leave, Defendants terminated Plaintiff's employment.

138.   Plaintiff disclosed and provided adequate notice to her employer of her eventual leave for the birth of her child and they interfered with her right to take FMLA leave by terminating her employment.

139.   Defendants were aware of Plaintiff's pregnancy and her need for FMLA protected leave.

140.   Upon learning of Plaintiff's need for leave that did qualify or could potentially qualify under the FMLA, Defendants retaliated against for having requested leave under the FMLA and Defendants terminated her employment.

141.   Plaintiff was weeks away from starting an approved maternity leave under the FMLA.

142.   At all times material, Defendants retaliated against Plaintiff in violation of the FMLA.

143.   Also, Defendants failed to apply its progressive discipline policy to Plaintiff in the same manner it does for non-pregnant female employees who had not requested FMLA leave.

144.   The stated reason for Plaintiff's termination was pretextual and manufactured post hoc after Plaintiff engaged in protected activity.

145.   As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

146.    Because Defendants cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

147.    Defendants' violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

148.    As a direct and proximate result of the interference described above, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a.   judgment in her favor and against Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.   judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.   judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

d.   judgment in her favor and against Defendants for liquidated damages;

e.   declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 24 day of September, 2020.


Respectfully submitted,

**MORGAN & MORGAN, P.A.**
By: /s/ *Paul M. Botros*
**Paul M. Botros, Esq.**

19

**Federal Bar ID 37216**
**FL Bar No. 0063365**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:      (954) 327-5352
Facsimile:      (954) 327-3017
Email: pbotros@forthepeople.com

*Attorneys for Plaintiff*