## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

EVELYN RODRIGUEZ,

      Plaintiff,

  v.

                             CASE NO. 3:20-cv-01079

PUTNAM COMMUNITY MEDICAL
CENTER OF NORTH FLORIDA, LLC,
A Florida Limited Liability Company, and
PARALLON ENTERPRISES, LLC d/b/a
HCA HEALTHCARE

      Defendant(s).

---

## DEFENDANT PUTNAM COMMUNITY MEDICAL CENTER OF NORTH FLORIDA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Putnam Community Medical Center of North Florida, LLC ("PCMC"), hereby files its Answer and Affirmative Defenses to Plaintiff Evelyn Rodriguez's ("Plaintiff") Complaint and Demand for Jury Trial ("Complaint"). Responding to the correspondingly numbered paragraphs of Plaintiff's Complaint, and using the same numbered paragraphs and headings that appear therein, Defendant states as follows:

### INTRODUCTION

1.     Defendant acknowledges only that Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Florida Civil Rights Act of 1992, Fla. Stat, §§760.01, *et seq.* ("FCRA"), and the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA"), but denies that any unlawful employment practices occurred, that Defendant is liable to Plaintiff, or that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2.      Defendant acknowledges only that this Court has jurisdiction, but denies that any unlawful employment practices occurred, that Defendant is liable to Plaintiff, or that Plaintiff is entitled to any relief whatsoever.

3.      Defendant acknowledges only that this Court has supplemental jurisdiction over Plaintiff's FCRA claims, but denies that any unlawful employment practices occurred, that Defendant is liable to Plaintiff, or that Plaintiff is entitled to any relief whatsoever.

4.      Defendant admits only that venue with this Court is proper, but denies that any unlawful employment practices occurred, that Defendant is liable to Plaintiff, or that Plaintiff is entitled to any relief whatsoever.

## SATISFACTION OF CONDITIONS PRECEDENT

5.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 5 of the Complaint, and therefore denies same.

6.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 6 of the Complaint, and therefore denies same.

7.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 7 of the Complaint, and therefore denies same.

## PARTIES

8.     Defendant is without knowledge or information sufficient to admit or deny whether "at all times material to this action" Plaintiff was a resident of Putnam County, Palatka, Florida and, therefore, denies the same.

9.     Defendant admits only that Plaintiff was a female but otherwise denies the remaining allegations in Paragraph No. 9 of the Complaint.

10.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 10 of the Complaint, and therefore denies same.

11.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 11 of the Complaint, and therefore denies same.

12.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 12 of the Complaint, and therefore denies same.

13.     Admitted.

14.     Admitted.

15.     Defendant is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 15 of the Complaint and, therefore, denies same.

16.     Defendant is without sufficient knowledge to admit or deny the truth of the allegations asserted in Paragraph No. 16 of the Complaint and, therefore, denies same.

17.     Defendant is without sufficient knowledge to admit or deny the truth of the allegations asserted in Paragraph No. 17 of the Complaint and, therefore, denies same.

18.     Defendant admits only that PCMC is an employer within the definition of Title VII and the PDA, but denies all remaining allegations in Paragraph No. 18 of the Complaint.

19.     Paragraph No. 19 of the Complaint states a legal conclusion to which no response is required as the statute speaks for itself.

20.     Defendant admits only that PCMC is an employer within the definition of the FMLA but denies all remaining allegations in Paragraph No. 20 of the Complaint.

21.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 21 of the Complaint, and therefore denies same.

22.     Paragraph No. 22 of the Complaint states a legal conclusion to which no response is required.

23.     Defendant admits only that PCMC is an employer within the definition of the FMLA but denies all remaining allegations in Paragraph No. 23 of the Complaint.

24.     Defendant does employ 50 or more employees within 75 miles but denies that is ever employed Plaintiff and therefore denies same.

25.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 25 of the Complaint, and therefore denies same.

26.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 26 of the Complaint, and therefore denies same.

27.     Defendant is without sufficient knowledge to admit or deny the truth of the remaining allegations asserted in Paragraph No. 27 of the Complaint and, therefore, denies same.

4

28.     Denied.

29.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 29 of the Complaint, and therefore denies same.

30.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 30 of the Complaint, and therefore denies same.

31.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 31 of the Complaint, and therefore denies same.

32.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 32 of the Complaint, and therefore denies same.

## **GENERAL ALLEGATIONS**

33.     Defendant admits only that Plaintiff worked as a Registrar at its facility for Parallon but denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph No. 33 of the Complaint and, therefore, denies same.

## **GENERAL ALLEGATIONS**

1.     Defendant admits only that Plaintiff worked as a Registrar at its facility for Parallon but denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph No. 33 of the Complaint and, therefore, denies same.

2.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 35 of the Complaint, and therefore denies same.

3.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 36 of the Complaint, and therefore denies same.

4.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 37 of the Complaint, and therefore denies same.

5.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 38 of the Complaint, and therefore denies same.

6.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 39 of the Complaint, and therefore denies same.

7.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 40 of the Complaint, and therefore denies same.

8.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 41 of the Complaint, and therefore denies same.

9.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 42 of the Complaint, and therefore denies same.

10.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 43 of the Complaint, and therefore denies same.

11.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 44 of the Complaint, and therefore denies same.

12.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 45 of the Complaint, and therefore denies same.

13.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 46 of the Complaint, and therefore denies same.

14.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 47 of the Complaint, and therefore denies same.

15.      Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 48 of the Complaint, and therefore denies same.

16.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 49 of the Complaint, and therefore denies same.

17.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 50 of the Complaint, and therefore denies same.

18.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 51 of the Complaint, and therefore denies same.

19.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 52 of the Complaint, and therefore denies same.

20.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 53 of the Complaint, and therefore denies same.

## COUNT I

## ALLEGED DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AMENDED BY THE PREGNANCY DISCRIMINATION ACT

21.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

22.     Paragraph No. 55 of the Complaint states a legal conclusion to which no response is required as the statute speaks for itself.

23.     Paragraph No. 56 of the Complaint states a legal conclusion to which no response is required as the statute speaks for itself.

24.     Defendant admits only that Plaintiff was a female but otherwise is without sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph No. 57 of the Complaint and, therefore, denies same.

25.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 58 of the Complaint, and therefore denies same.

26.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 59 of the Complaint, and therefore denies same.

27.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 60 of the Complaint, and therefore denies same.

28.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 61 of the Complaint, and therefore denies same.

29.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 62 of the Complaint, and therefore denies same.

30.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 63 of the Complaint, and therefore denies same.

31.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 64 of the Complaint, and therefore denies same.

32.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 65 of the Complaint, and therefore denies same.

33.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 66 of the Complaint, and therefore denies same.

34.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 67 of the Complaint, and therefore denies same.

35.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 68 of the Complaint, and therefore denies same.[1]

## COUNT II

### ALLEGED GENDER DISCRIMINATION UNDER TITLE VII AND THE PREGNANCY DISCRIMINATION ACT

36.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

---

[1]   In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 68 of the Complaint numbered (a) through (g), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

37.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 70 of the Complaint, and therefore denies same.

38.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 71 of the Complaint, and therefore denies same.

39.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 72 of the Complaint, and therefore denies same.

40.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 73 of the Complaint, and therefore denies same.

41.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 74 of the Complaint, and therefore denies same.

42.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 75 of the Complaint, and therefore denies same.

43.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 76 of the Complaint, and therefore denies same.

44.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 77 of the Complaint, and therefore denies same.

45.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 78 of the Complaint, and therefore denies same.

46.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 79 of the Complaint, and therefore denies same.

47.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 80 of the Complaint, and therefore denies same.[2]

## COUNT III

### ALLEGED RETALIATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT

48.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

49.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 82 of the Complaint, and therefore denies same.

---

[2] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 80 of the Complaint numbered (a) through (g), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

50.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 83 of the Complaint, and therefore denies same.

51.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 84 of the Complaint, and therefore denies same.

52.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 85 of the Complaint, and therefore denies same.

53.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 86 of the Complaint, and therefore denies same.

54.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 87 of the Complaint, and therefore denies same.

55.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 88 of the Complaint, and therefore denies same.

56.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 89 of the Complaint, and therefore denies same.

57.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 90 of the Complaint, and therefore denies same.

58.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 91 of the Complaint, and therefore denies same.[3]

**COUNT IV**

**ALLEGED DISCRIMINATION IN VIOLATION OF THE
FLORIDA CIVIL RIGHTS ACT**

59.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

60.     Paragraph No. 93 of the Complaint states a legal conclusion to which no response is required and Defendant further asserts that the statute speaks for itself.

61.     Defendant admits only that Plaintiff was a female but otherwise is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 94 of the Complaint and, therefore, denies same.

62.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 95 of the Complaint, and therefore denies same.

63.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 96 of the Complaint, and therefore denies same.

---

[3] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 91 of the Complaint numbered (a) through (g), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

64.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 97 of the Complaint, and therefore denies same.

65.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 98 of the Complaint, and therefore denies same.

66.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 99 of the Complaint, and therefore denies same.

67.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 100 of the Complaint, and therefore denies same.

68.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 101 of the Complaint, and therefore denies same.

69.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 102 of the Complaint, and therefore denies same.

70.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 103 of the Complaint, and therefore denies same.

71.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 104 of the Complaint, and therefore denies same.

72.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 105 of the Complaint, and therefore denies same.[4]

<strong>COUNT V</strong>

<strong><u>ALLEGED RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u></strong>

73.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

74.     Defendant admits only that Plaintiff was a member of a protected class under the FCRA because she was a pregnant female but is otherwise without sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph No. 107 of the Complaint and, therefore, denies same.

75.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 108 of the Complaint, and therefore denies same.

76.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 109 of the Complaint, and therefore denies same.

---

[4] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 105 of the Complaint numbered (a) through (g), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

77.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 110 of the Complaint, and therefore denies same.

78.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 109 of the Complaint, and therefore denies same.

79.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 112 of the Complaint, and therefore denies same.

80.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 113 of the Complaint, and therefore denies same.

81.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 114 of the Complaint, and therefore denies same.

82.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 115 of the Complaint, and therefore denies same.

83.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 116 of the Complaint, and therefore denies same.[5]

---

[5] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 116 of the Complaint numbered (a) through (g), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

**COUNT VI**

**ALLEGED INTERFERENCE WITH FMLA RIGHTS**

84.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

85.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 118 of the Complaint, and therefore denies same.

86.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 119 of the Complaint, and therefore denies same.

87.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 120 of the Complaint, and therefore denies same.

88.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 121 of the Complaint, and therefore denies same.

89.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 122 of the Complaint, and therefore denies same.

90.     Defendant admits only that PCMC was an employer subject to abide by the regulations of the FMLA but denies all remaining allegations in Paragraph No. 123 of the Complaint.

91.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 124 of the Complaint, and therefore denies same.

92.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 125 of the Complaint, and therefore denies same.

93.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 126 of the Complaint, and therefore denies same.

94.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 127 of the Complaint, and therefore denies same.

95.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 128 of the Complaint, and therefore denies same.

96.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 129 of the Complaint, and therefore denies same.

97.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 130 of the Complaint, and therefore denies same.

98.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 131 of the Complaint, and therefore denies same.

99.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 132 of the Complaint, and therefore denies same.

100.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 133 of the Complaint, and therefore denies same.

101.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 134 of the Complaint, and therefore denies same.[6]

## COUNT VII

## ALLEGED RETALIATION IN VIOLATION OF THE FMLA

102.     Defendant restates and incorporates its responses to Paragraph Nos. 1 through 53 of the Complaint as stated above.

103.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 136 of the Complaint, and therefore denies same.

---

[6] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 134 of the Complaint numbered (a) through (f), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

104.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 137 of the Complaint, and therefore denies same.

105.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 138 of the Complaint, and therefore denies same.

106.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 139 of the Complaint, and therefore denies same.

107.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 140 of the Complaint, and therefore denies same.

108.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 141 of the Complaint, and therefore denies same.

109.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 142 of the Complaint, and therefore denies same.

110.     Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 143 of the Complaint, and therefore denies same.

111.    Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 144 of the Complaint, and therefore denies same.

112.    Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 145 of the Complaint, and therefore denies same.

113.    Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 146 of the Complaint, and therefore denies same.

114.    Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 147 of the Complaint, and therefore denies same.

115.    Defendant denies that Plaintiff was employed by or an employee of PCMC, and as such, is without sufficient knowledge to admit or deny the truth of the allegations in Paragraph No. 148 of the Complaint, and therefore denies same.[7]

## DEMAND FOR JURY TRIAL

In response to Plaintiff's unnumbered paragraph following the "Demand for Jury Trial" heading, Defendant acknowledges that Plaintiff seeks a trial by jury on issues so triable, but denies that any such issues exist and denies that Plaintiff is entitled to any relief whatsoever.

## TO COMPLAINT AS A WHOLE

---

[7] In response to the unnumbered "WHEREFORE" paragraph found under Paragraph No. 148 of the Complaint numbered (a) through (f), Defendant denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation of the Complaint not specifically admitted in this Answer, and denies each and every allegation and inference of wrongdoing. Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  In addition, Defendant will continue to investigate Plaintiff's allegations as they may further develop during this case; therefore, Defendant reserves the right to amend its Answer and Defenses.

## FIRST DEFENSE

Defendant is not liable to Plaintiff because it is not, and never was, Plaintiff's employer. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the allegations do not support a claim as a matter of law for sex/gender/pregnancy discrimination and retaliation against PCMC.

## SECOND DEFENSE

Defendant is not liable to Plaintiff because it is not, and never was, Plaintiff's employer. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the allegations do not support a claim as a matter of law for interference with FMLA rights and retaliation against PCMC.

## THIRD DEFENSE

To the extent Plaintiff has failed to timely and properly exhaust all administrative remedies, her claims must fail.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination filed with the EEOC, the FCHR, or any other federal, state, or local fair employment practice agency.

### FIFTH DEFENSE

All claims in the Complaint, which were required to be and were not the subject of a timely charge filed with the EEOC, the FCHR, or other federal, state, or local fair employment practice agency, or any other applicable limitations period, are barred.

### SIXTH DEFENSE

All claims in the Complaint that did not accrue within the time frame prescribed by Title VII, the FMLA, FCRA, and PDA, or any other applicable limitations period, are barred.

### SEVENTH DEFENSE

In the event Plaintiff is determined to be entitled to back or front pay, her entitlement to recovery, for which Defendant expressly denies, is foreclosed to the extent she failed to mitigate her damages.

### EIGHTH DEFENSE

To the extent Plaintiff has suffered any damages as a result of any unlawful act by Defendant, which Defendant expressly denies, Plaintiff's recovery in this lawsuit must be set off and/or reduced by all wages, commissions, compensation, pay, profits, other earnings or remunerations, and benefits, regardless of form, received by Plaintiff subsequent to the alleged adverse action Plaintiff claims to have suffered.

### NINTH DEFENSE

Defendant denies that Plaintiff sustained any injury, damage or loss by reason of any act

or omission on the part of Defendant. Further, the alleged injuries to Plaintiff were not legally or proximately caused by any action by or matter attributable to Defendant.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a cause of action because Plaintiff fails to plead sufficient facts to establish that Defendant is an employer or joint employer of Plaintiff.

## ELEVENTH DEFENSE

Defendant is not liable for punitive damages under federal law because Defendant, nor any of Defendant's employees high enough in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized, ratified, or had actual knowledge, of any such acts.

## TWELFTH DEFENSE

Defendant is not labile to Plaintiff because it is not, and never was, Plaintiff's employer. Even if the Court or jury ever finds Defendant was Plaintiff's employer, Defendant is not liable for liquidated or punitive damages because neither Defendant nor any of Defendant's employees or agents committed any act with malice or reckless indifference to Plaintiff's protected rights.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

1.      Plaintiff's claims be dismissed with prejudice in their entirety;

2.      Each and every prayer for relief in Plaintiff's Complaint be denied;

3.      Judgment be entered in favor of Defendant;

4.      All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

5.      This Court grants Defendant such other and further relief as it deems just and

appropriate.

Dated this 2nd day of November, 2020.

Respectfully submitted,

FORDHARRISON LLP

By:    /s/ *Tracey K. Jaensch*
       Tracey K. Jaensch, B.C.S.
       Florida Bar No. 907057
       tjaensch@fordharrison.com
       Cymoril M. White, Esq.
       Florida Bar No. 1019025
       cwhite@fordharrison.com
       101 E. Kennedy Boulevard, Suite 900
       Tampa, FL 33602
       Telephone: (813) 261-7800
       Facsimile: (813) 261-7899

       *Attorneys for Defendant Parallon*
       *Enterprises, LLC d/b/a HCA Healthcare*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Paul M. Botros, Esq.
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
pbotros@forthepeople.com

/s/ *Tracey K. Jaensch*
Attorney for Defendant

WSACTIVELLP:11821239.1